242

R. F. WIMBERLEY, MRS. LELA WIMBERLEY, MRS. OLIVE WIMBERLEY and MISS NORA WIM-BERLEY, Complainants-Appellants, v. RAYMOND C. WIMBERLEY and MRS. LUCILLE WIMBERLEY, Defendants-Appellees. —360 S. W. (2d) 779.

Western Section, Jackson. November 30, 1960.

Certiorari Denied by Supreme Court March 10, 1961.

Aaron Brown, Paris, for appellants.

Hugh K. McLean, Paris, for appellees.

CARNEY, J. The complainants below, Rupert F. Wimberley and wife, Lela Wimberley, individually and on behalf of Mrs. Olive Wimberley and Miss Nora Wimberley, brought suit to set aside a deed to 264 acres of land in Henry County, Tennessee, executed by Rupert F. Wimberley and wife, Mrs. Lela Wimberley, to the defendants, R. C. Wimberley and wife, Lucille Wimberley. The bill charged that the defendants, by the acceptance of said deed, agreed to reside on said farm and furnish a home for and look after certain life tenants, namely William Clark Wimberley and wife, Mrs. Olive Wimberley, and their daughter, Miss Nora Wimberley, who is a non compos.

The bill further averred that the defendants had wilfully breached their agreement, had moved off the farm, failed to look after and care for the life tenants forcing the complainant, R. F. Wimberley and wife, Mrs. Lela Wimberley, to look after said life tenants. The bill prayed that the deed be cancelled and that the complainants, R. F. Wimberley and wife, Mrs. Lela Wimberley, be restored to full title and possession of said farm.

The cause was tried upon depositions. The Chancellor dismissed the original bill and the complainants have appealed from his action.

William Clark Wimberley and wife, Olive Wimberley, were the father and mother respectively of the complainant R. F. Wimberley, and the grandfather and grandmother respectively of the defendant, Raymond C. Wimberley. Raymond C. Wimberley is a son of B. C. Wimberley who is a brother of the complainant, R. F. Wimberley, and who was originally a defendant to the

lawsuit and a demurrer on his behalf was sustained. There is no appeal from this action of the court.

Miss Nora Wimberley is a maiden daughter of William C. Wimberley and wife, Olive Wimberley, and therefore a sister of the complainant, R. F. Wimberley, and an aunt of the defendant, Raymond C. Wimberley. Apparently she has always lived in the home of her father and mother, William C. Wimberley and wife, Olive Wimberley.

On August 24, 1946, William Clark Wimberley and wife, Mrs. Olive Wimberley, by warranty deed conveyed to their son, R. F. Wimberley, the complainant, and his wife, Mrs. Lela Wimberley, the farm supposed to have contained 293 acres located in Henry County, Tennessee. The consideration for this conveyance was recited as being $1.00 and love and affection and the deed also reserved a life estate in said farm to the grantor, William Clark Wimberley and wife, Mrs. Olive Wimberley. At the time this deed was executed Miss Nora Wimberley was living on the farm with her father and mother as a member of their household.

The complainants, R. F. Wimberley and wife, went into the possession of the farm, made some improvements to the barn and possibly other buildings, cut some timber and encumbered the farm by deed of trust in the amount of approximately $1,500.00. We understand from the record that this $1,500.00 was borrowed for the purpose of making the improvements to the farm. At the time of the transfer the farm was estimated to have been worth not over $5,000.00.

Sometime prior to August 6, 1948, the complainants, R. F. Wimberley and wife, decided to leave the farm and

go up north to get a job. They discussed with the defendant, Raymond C. Wimberley, their nephew, the matter of transferring the farm over to him. These negotiations resulted in a deed being executed of date August 6, 1948, by the complainants, R. F. Wimberley and wife, Lela, to the defendants, Raymond C. Wimberley and wife, Lucille, to said farm which was shown to contain 264 acres by survey. The deed was a warranty deed regular in form and purported to convey to the grantees a fee simple title to said property subject only to the following reservation: "By their acceptance of this deed the grantees agree to pay the 1948 taxes on the above described property. By their acceptance of this deed, they also evidence their agreement that our mother, Mrs. Olive Wimberley, and our sister, Miss Nora Wimberley, are to have a home on the above described property as long as they live."

The deed recited a consideration of $1,500.00 cash paid to the complainants, R. F. Wimberley and wife, and the said R. F. Wimberley and wife reserve the 1948 crops on said farm.

William Clark Wimberley, the original grantor, had died July 8, 1948, leaving only his widow, Mrs. Olive Wimberley, and a maiden daughter, Miss Nora Wimberley, to be cared for.

Effective January, 1949, the defendant, Raymond C. Wimberley and wife, Lucille, went into the possession of said farm and made crops thereon; furnished a home for Mrs. Olive Wimberley and her daughter, Miss Nora Wimberley; assisted them by getting in wood and procuring groceries for Mrs. Olive Wimberley and her daughter. They did not pay for any groceries during this time. At the time this deed was made Mrs. Olive Wimberley was

drawing $40.00 per month from the welfare department of Henry County which was the principal source of her funds.

Sometime about December, 1952, the welfare department cut off the monthly checks to Mrs. Olive Wimberley and the complainants, R. F. Wimberley and wife, Mrs. Lela Wimberley, who were then working in Chicago, Illinois, sent her $50.00 per month for a period of nineteen months beginning January 1, 1953, and ending July 13, 1954.

Sometime about 1954 the defendant, Raymond C. Wimberley and wife, Lucille Wimberley, decided that they were not making any progress on the farm and determined to move to Paris, Tennessee, where Mrs. Lucille Wimberley obtained employment as a practical nurse and/or receptionist at a local physician's office. Raymond C. Wimberley made an offer to Mrs. Olive Wimberley to move her and Miss Nora to town and furnish her a room in Paris in their home which she refused.

Thereupon Raymond C. Wimberley and wife, Lucille, moved to Paris leaving Mrs. Olive Wimberley and her daughter, Miss Nora Wimberley, alone on the farm. Thereupon the complainants, R. F. Wimberley and wife, Lela, quit their job in Chicago and returned to the farm in Henry County to look after their mother and sister and they have continued to do so to the time of the trial.

On August 18, 1954, the complainant, R. F. Wimberley, by letter made an offer to the defendant, R. C. Wimberley, to refund him the purchase price paid by R. C. Wimberley on the farm stating that R. C. Wimberley failed to carry out his agreement to care for his grandmother and aunt for the remainder of their lives. The letter further

stated that upon refusal of R. C. Wimberley to accept the offer the present litigation would follow.

The letter offered to refund $1,100.00 as the purchase price and the complainant testified the discrepancy between the figure $1,100.00 and the $1,500.00 shown in the deed was that he received $1,500.00 to pay off the deed of trust on the property and he refunded $400.00 of this amount out of his crops during the fall of 1948 to the defendant, R. C. Wimberley, or his father, B. C. Wimberley. The defendant, R. C. Wimberley, refused to accept the agreement and the present bill was filed.

The complainant, R. F. Wimberley, testified that he and his wife received the deed from his father and mother under agreement not only to furnish a home for them for the remainder of their lives but also to look after and care for them and give them full support; further that when he sold the farm to the defendants, Raymond C. Wimberley and wife, they agreed to take the farm under the same conditions, namely to furnish a home for and give full support for the grandmother, Mrs. Olive Wimberley, and the aunt, Miss Nora Wimberley.

The defendant, Raymond C. Wimberley, testified that no such agreement was made; that he merely agreed to furnish a home on the farm for Mrs. Olive Wimberley and Miss Nora Wimberley which he had at all times done; that he at no time agreed to nor had he ever furnished any support for Mrs. Olive Wimberley or Miss Nora Wimberley and that R. F. Wimberley expressly understood that he, R. C. Wimberley, had not agreed to look after and care for either Mrs. Olive Wimberley or Miss Nora Wimberley. From his testimony we quote as follows:

"26Q. At the time you made a final agreement as to the purchase or sale of Rupert's interest, did you have any definite understanding with Rupert and your father what your duties were to Mrs. Olive and Miss Nora Wimberley?

"A. Yes, I was to bring their wood in and to purchase and bring their groceries from the store, they were totally on their own as far as any personal assistance was concerned, my job was to get a portion of the wood because I explained I couldn't get in enough to furnish my fire much less hers too and they agreed to help and also to bring the groceries, I agreed to bring them and to carry in the big back sticks that my aunt couldn't get in, what they couldn't do themselves.

"27Q. Was anything discussed about the caring of the old lady?

"A. I told them in days to come, according to their age, it wouldn't be long until she would be bedfast and I didn't want that put on my wife, I wouldn't accept the place under any condition if that was part of it.

"28Q. Was that definitely understood?

"A. Yes, it was confirmed right there on the spot and they agreed to it, she was to live off of her Welfare money and I definitely stated that I wouldn't furnish their groceries, I did well to keep my family going.

"29Q. Did you understand and agree that the old ladies, Mrs. Olive and Miss Nora would have the right to live there on the place for their lifetime?

"A. Yes.

"30Q. I will ask you what you did to carry out your part of that agreement, did you move over to the place?

"A. Yes.

"31Q. Tell what you started doing?

"A. I moved there and started but before I went there, the barn he started, I completed it and bought what he lacked and finished it and since then I have maintained and built up all the land, reclaimed gully land that had completely eroded and that was not any use, and cleared up some of the land that was under brush and briars, a part of it I turned back to bushes and briars because it was rough and eroded land and I think anyone can see that.

    *   *   *   *   *   *

"54Q. What did you do concerning the old ladies when you decided to move?

"A. Prior to the move, about two weeks I asked them to come with us, that they could go live with us under the same conditions as we had there, provide food when my wife was at home and as she had done, leave meals if she wasn't there.

"55Q. What was their reaction to this offer? What did they say?

"A. They refused.

"56Q. Did they say why?

"A. Said she wouldn't leave her home.

"57Q. Were you able to get her to move to town with you?

"A. No.

"58Q. On the basis of that, what did you do?

"A. I moved myself.

"59Q. Did you consider that you were in any way violating any sort of agreement or arrangement?

"A. No."

Mrs. Lucille Wimberley corroborated the testimony of her husband, the defendant, Raymond C. Wimberley, and stated that she was still willing for Mrs. Olive Wimberley and Miss Nora Wimberley to come and live in the house with them in Paris, Tennessee.

Mrs. Olive Wimberley, one of the complainants, testified by deposition that she was 85 years of age and that her daughter, Miss Nora Wimberley, was 65 years of age; that she, Mrs. Olive Wimberley, had been bedridden since Thanksgiving, 1954; that the defendant, Raymond C. Wimberley, and wife occupied the farm for approximately six years; that she never received any income from the land or the timber; that Raymond Wimberley had a difficult time making a living for himself and wife and that he never furnished anything for her support; that she lived very comfortably off the $50.00 furnished her by her son, the complainant, R. F. Wimberley; that when the defendant, Raymond C. Wimberley, and wife decided to leave the farm and go to Paris they offered to take her with them and that she refused to give up her home to go anywhere; that after they left the neighbors came in to look after her and her daughter and then the

complainant, her son, R. F. Wimberley, and wife came immediately to see about them and that they had been looking after them continuously to the time of the trial.

In dismissing the complainants' bill the Chancellor filed the following memorandum:

"The bill in this cause prays for rescission of a deed executed by the complainants, R. F. Wimberley, and wife Lela Wimberley, conveying their interest in a farm to the defendants, Raymond C. Wimberley and wife, Lucille Wimberley. It also seeks an injunction, reference, damages, etc.

"The defendant, B. C. Wimberley, was dismissed on demurrer. The defendants, Raymond C. Wimberley and Lucille Wimberley, also demurred. Their demurrer was probably good, but in view of the charge of fraud, misconduct, etc., the Court required them to answer. They answered and denied all allegations of fraud and misconduct on their part. They specifically denied all promises and undertakings not contained in the deed or written contract and relied upon the statute against frauds and perjuries.

"A study of the pleadings and proof leads the Court to the following conclusions of fact and law:

"1. The complainants, R. F. Wimberley and wife Lela Wimberley, assumed obligations toward the other complainants by accepting the deed from the parents of R. F. Wimberley. These obligations were personal in nature and the spirit of them was violated by an attempt on their part to pass them on to the defendants, Raymond C. Wimberley and wife, Lucille, even if these defendants had agreed to assume them.

"2. In the deed which the defendants, Raymond C. Wimberley and wife Lucille Wimberley, accepted from the complainants, the defendants assumed no obligation toward the complainants, Olive Wimberley and Nora Wimberley, other than that they should be permitted to live in the house on the farm. The proof shows that there was no violation of this agreement on the part of the defendants, Raymond C. Wimberley and wife, Lucille Wimberley.

"3. Although not disclosed by the record, Olive Wimberley has died pending the litigation and Nora Wimberley is a recipient of public assistance through the Welfare Department in spite of the extravagant claims of loyalty and devotion by her brother, R. F. Wimberley.

"4. The charges of misconduct and fraud on the part of R. C. Wimberley and wife Lucille, are not sustained by the proof.

"5. The complainants' R. F. Wimberley and wife Lela Wimberley, never had a cause of action. If the complainants, Olive Wimberley and Nora Wimberley, had a cause of action, they have pursued the wrong course for relief. Their remedy was by way of the enforcement of the contract rather than by rescinding it.

"For the reasons stated, let a Decree be entered, directing the clerk to refund to the complainant, R. F. Wimberley, the sum tendered into the registry of the Court by him, less the amount of costs of this cause, dissolving the injunction heretofore issued and dismissing the bill.

"This the 15th day of April, 1960.

/s/ Wayne A. Cox
Chancellor"

Assignment of error No. I assails the finding by the Chancellor that the complainants, R. F. Wimberley and wife, Lela Wimberley, assumed obligations toward Mrs. Olive Wimberley and Miss Nora Wimberley by accepting a deed from W. C. Wimberley and wife, Olive Wimberley, and that these obligations were personal in nature and that the spirit was violated by an attempt on their part to pass these obligations on to the defendants, Raymond C. Wimberley and wife, Mrs. Lucille Wimberley; even though the defendants might have agreed to assume them.

Assuming that the complainants, R. F. Wimberley and wife, did agree to give full support to their father and mother and Miss Nora Wimberley for the remainder of their lives, as complainant testified, the record does not show any attempt on the part of the complainants to get the approval of their mother, Mrs. Olive Wimberley, to transfer these obligations to the defendant, Raymond C. Wimberley. The deed from R. F. Wimberley to Raymond C. Wimberley contains no mention of the obligation of support by Raymond C. Wimberley for Mrs. Olive Wimberley and Miss Nora Wimberley.

We concur in the finding of the Chancellor that complainants violated the spirit of their obligation to Mrs. Olive Wimberley and Miss Nora Wimberley by attempting to transfer the obligation under these circumstances. Assignment of error No. 1 is therefore respectfully overruled.

Assignment of error No. III assails the action of the Chancellor in putting into his memorandum that Mrs. Olive Wimberley had died pending the litigation and that Miss Nora Wimberley was a recipient of support from the welfare department of Henry County. We find no evidence in the record to support this finding and the assignment of error is sustained. However, the error does not appear to have affected the outcome of the case and therefore is not reversible. T. C. A. sec. 27-117.

Assignment of error No. IV complains that the Chancellor erred in failing to find fraud on the part of the defendants, Raymond C. Wimberley and wife, Mrs. Lucille Wimberley. This assignment of error must also be overruled. We concur in the finding of the Chancellor that no fraud on the part of the defendants, Raymond C. Wimberley or his wife, Mrs. Lucille Wimberley, has been shown.

Assignments of error II, V and VI all raise the one question as to the correctness of the Chancellor's action in dismissing the complainant's bill. We concur in the finding of the Chancellor that the complainants have never had a cause of action. Admittedly, their deed to the defendants, Raymond C. Wimberley and wife, contains no language reserving any rights in favor of the complainants against the defendants.

We turn now to the question of the right of action by Mrs. Olive Wimberley and her daughter, Nora Wimberley. It does appear to this court from the testimony and conduct of all the parties to this transaction that at the time of the execution of the deed by complainants, R. F. Wimberley and wife, to the defendants, Raymond C. Wimberley and wife, it was contemplated that the defend-

ants, Raymond C. Wimberley and wife, would move upon the farm, furnish a home to Mrs. Olive Wimberley and her daughter, Miss Nora Wimberley, and give some personal services to them, but not to furnish them financial support.

At the time of the deed Mrs. Olive Wimberley was receiving approximately $40.00 per month from the welfare department and she said that was sufficient to maintain her and Miss Nora Wimberley. It appears to the court that the defendants, Raymond C. Wimberley and wife, substantially complied with their contract during the six years they lived on the farm and that they moved away from the farm because of the physical condition of Mrs. Raymond Wimberley and also the fact that the farm was not producing much revenue and both defendants felt that they could do better financially in town. Their action in offering to bring Mrs. Olive Wimberley and Miss Nora Wimberley to live in their home with them in Paris, Tennessee, certainly negatives any idea of bad faith.

The present action does not contain any prayer for relief on behalf of Mrs. Olive Wimberley and Miss Nora Wimberley except the prayer that the deed under which defendants claim title to the land be rescinded and that the title be revested in the complainants subject only to a life estate for Miss Nora Wimberley and her mother, Mrs. Olive Wimberley.

Therefore, we feel that the equities of the cause can be met by affirming the action of His Honor the Chancellor in dismissing the original bill in this cause without prejudice to any action being brought on behalf of Miss Nora Wimberley and/or Mrs. Olive Wimberley including, but not limited to, the following: (1) To reform the deed to

the complainants, R. F. Wimberley and wife, and/or (2) to reform the deed from R. F. Wimberley and wife to the defendants, Raymond C. Wimberley and wife and/or (3) to enforce any agreement by Raymond C. Wimberley and wife to look after and care for Mrs. Olive Wimberley and Miss Nora Wimberley.

Decree will be entered accordingly in this court taxing the costs against the appellants, R. F. Wimberley and wife, Mrs. Lela Wimberley.

Avery, P. J. (W. S.), and Bejach, J., concur.